MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
KATIE M. MAGALLANES, SBN 300277
  kmagallanes@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

KATHERINE V.A. SMITH, SBN 247866
  ksmith@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendants
LOWE'S HOME CENTERS, LLC
and LOWE'S HIW, INC.
(*now known as* Lowe's Home Centers, LLC)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA CRUZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC; LOWE'S HIW, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 5:22-cv-01130<br><br>**DEFENDANTS LOWE'S HOME CENTERS, LLC AND LOWE'S HIW, INC.'S (*NOW KNOWN AS* LOWE'S HOME CENTERS, LLC) NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(Riverside County Superior Court Case No. CVRI2201885)<br><br>Action Filed: May 11, 2022<br>Trial Date: None Set |

Gibson, Dunn & Crutcher LLP

**TABLE OF CONTENTS**

Page

I. TIMELINESS OF REMOVAL ................................................................................ 1

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL ................ 2

    A.     The Proposed Class Consists of More Than 100 Members ....................... 3

    B.     Lowe's and Plaintiff Are Not Citizens of the Same State ......................... 4

    C.     The Amount in Controversy Exceeds $5 Million ..................................... 5

        1.     Plaintiff's Allegations Regarding Waiting Time Penalties Places $2.3 Million in Controversy ................................................. 6

        2.     Plaintiff's Claim for Alleged Violation of Labor Code Section 226 Places Another $2.3 Million in Controversy ............... 9

        3.     Plaintiff's Request for Attorneys' Fees on Her Claim for Alleged Violation of Labor Code Section 226 Places Another $594,975 in Controversy ................................................................ 11

        4.     In Total, Just Two of Plaintiff's Eight Causes of Action, Including Attorneys' Fees, Place More Than $5.2 Million in Controversy ................................................................................... 13

III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER ................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arias v. Residence Inn by Marriott*,
    936 F.3d 920 (9th Cir. 2019) ................................................................. 5, 7, 11

*Ayala v. Cox Auto., Inc.*,
    2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) ................................................. 4

*Barcia v. Contain-A-Way, Inc.*,
    2009 WL 587844 (S.D. Cal. Mar. 6, 2009) .................................................. 11

*Bynum v. Legacy Air Inc.*,
    2018 WL 1919586 (L.A. Super. Jan. 9, 2018) ............................................. 12

*Campbell v. Vitran Exp., Inc.*,
    471 F. App'x 646 (9th Cir. 2012) ................................................................... 6

*Crummie v. CertifiedSafety, Inc.*,
    2017 WL 4544747 (N.D. Cal. Oct. 11, 2017) ............................................ 8, 9

*Dart Cherokee Basin Op. Co. v. Owens*,
    574 U.S. 81 (2014) ...................................................................................... 5, 6

*Guglielmino v. McKee Foods Corp.*,
    506 F.3d 696 (9th Cir. 2007) ........................................................................ 12

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ...................................................................... 11

*Johnson v. Columbia Props. Anchorage, LP*,
    437 F.3d 894 (9th Cir. 2006) .......................................................................... 5

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) ........................................................................ 4

*Korn v. Polo Ralph Lauren Corp.*,
    536 F. Supp. 2d 1199 (E.D. Cal. 2008) .......................................................... 6

*LaCross v. Knight Transp. Inc.*,
    775 F.3d 1200 (9th Cir. 2015) ........................................................................ 5

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Lewis v. Verizon Commc'ns, Inc.*,
   627 F.3d 395 (9th Cir. 2010) ............................................................................... 6

*Lucas v. Michael Kors (USA), Inc.*,
   2018 WL 2146403 (C.D. Cal. May 9, 2018) ...................................................... 12

*Mamika v. Barca*,
   68 Cal. App. 4th 487 (1998) ................................................................................ 8

*Marentes v. Key Energy Servs. Cal., Inc.*,
   2015 WL 756516 (E.D. Cal. Feb. 23, 2015) ....................................................... 8

*Mays v. Wal-Mart Stores, Inc.*,
   -- F. App'x --, 2020 WL 1277642 (9th Cir. Mar. 17, 2020) ............................ 10

*Mejia v. DHL Express (USA), Inc.*,
   2015 WL 2452755 (C.D. Cal. May 21, 2015) .................................................. 10

*Perez v. West Coast Liquidators Ing.*,
   2016 WL 8258533 (San Bernardino Super. Dec. 12, 2016) ............................ 12

*Pineda v. Bank of Am., N.A.*,
   241 P.3d 870 (Cal. 2010) ..................................................................................... 7

*Salter v. Quality Carriers, Inc.*,
   974 F.3d 959 (9th Cir. 2020) ............................................................................ 5, 6

*Soto v. Tech Packaging, Inc.*,
   2019 WL 6492245 (C.D. Cal. Dec. 3, 2019) .................................................... 10

*Std. Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013) ............................................................................................. 6

*Tajonar v. Echosphere, L.L.C.*,
   2015 WL 4064642 (S.D. Cal. July 2, 2015) ....................................................... 8

**Statutes**

28 U.S.C. § 84(c) .......................................................................................................... 14

28 U.S.C. § 1332 ..................................................................................................*passim*

# TABLE OF AUTHORITIES
(continued)

Page(s)

28 U.S.C. § 1441 ........................................................................................................ 2, 14

28 U.S.C. § 1446 .................................................................................................... 1, 2, 14

28 U.S.C. § 1453 ........................................................................................................ 2, 14

Cal. Civ. Proc. Code § 338(a) ...................................................................................... 2, 7

Cal. Civ. Proc. Code § 340(a) ......................................................................................... 10

Cal. Civ. Proc. Code § 382 ............................................................................................... 2

Cal. Code Regs. tit. 8, § 13520 ........................................................................................ 7

Cal. Lab. Code § 201 ........................................................................................................ 7

Cal. Lab. Code § 202 ........................................................................................................ 7

Cal. Lab. Code § 203 .................................................................................................... 7, 8

Cal. Lab. Code § 226 ............................................................................................... *passim*

Gibson, Dunn & Crutcher LLP

iv

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ROSA CRUZ AND HER COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendants Lowe's Home Centers, LLC and Lowe's HIW, Inc. (*now known as* Lowe's Home Centers, LLC) (collectively, "Lowe's" or "Defendants") hereby remove to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. CVRI2201885 in Riverside County Superior Court, State of California. Removal is proper on the following grounds:

## I. TIMELINESS OF REMOVAL

1. Plaintiff Rosa Cruz ("Plaintiff") filed a putative Class Action Complaint against Lowe's[1] in Riverside County Superior Court, State of California, Case No. CVRI2201885, on May 11, 2022. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Certificate of Counsel, (d) Civil Case Cover Sheet, (e) Notice of Department Assignment, (f) Plaintiff Rosa Cruz's Peremptory Challenge, (g) Notice of Case Reassignment for All Purposes, (h) Class Action Case Management Order #1, (i) Certificate of Mailing, (j) Notice of Case Management Conference, (k) Minute Order: Court Ruling re: Complex, (l) Minute Order: Continuing Case Management Conference, (m) Certificate of Mailing, (n) Notice of Service of Process on Lowe's Home Centers, LLC, and (o) Notice of Service of Process on Lowe's HIW, Inc. are attached as Exhibits A–O to the Declaration of Katherine V.A. Smith ("Smith Decl.") filed concurrently here.

2. According to the Notices of Service of Process, Plaintiff personally served Lowe's through its registered agent for service of process on June 7, 2022. *See* Smith Decl., Ex. N–O, Notices of Service of Process. Consequently, service was completed

---

[1] Effective December 23, 2013, Lowe's HIW, Inc. merged with Lowe's Home Centers, LLC and Lowe's Home Centers, LLC is the surviving entity. *See* Defendants' Corporate Disclosure Statement, filed concurrently with this Notice.

on June 7, 2022. This notice of removal is timely because it is filed within 30 days after service was completed. 28 U.S.C. § 1446(b).

## II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Lowe's pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under California Code of Civil Procedure § 382, California's state statute or rule authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Smith Decl., Ex. B, Compl. ¶ 6.

5. Plaintiff requests "certification under California Code of Civil Procedure § 382 of the proposed Class and any other appropriate subclass." Smith Decl., Ex. B, Compl., Prayer for Relief. She seeks to represent "[a]ll California citizens currently or formerly employed by [Lowe's] as non-exempt employees in the State of California who worked at [Lowe's] distribution center(s) at any time between November 14, 2017 and the date of class certification." *Id.*, Compl. ¶ 20. Plaintiff also seeks to represent a "Waiting Time Subclass" consisting of "[a]ll members of the Class who separated their employment with [Lowe's] at any time between November 14, 2018 and the date of class certification." *Id.*, Compl. ¶ 21.

6. In her Complaint, Plaintiff alleges eight causes of action against Lowe's: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Provide Meal Periods; (4) Failure to Permit Rest Breaks; (5) Failure to Provide Accurate Itemized Wage Statements; (6) Failure to Timely Pay Final Wages During Employment; (7) Failure to Pay All Wages Due Upon Separation of Employment; and (8) Violations of Business and Professions Code §§ 17200, *et seq.*

7. Among other things, Plaintiff alleges that putative class members are entitled to unpaid wages, statutory penalties, and attorneys' fees and costs. *See* Smith Decl., Ex. B, Compl., Prayer for Relief.

8. Removal of a class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

9. Lowe's denies any liability in this case, both as to Plaintiff's individual claims and as to the claims she seeks to pursue on behalf of the putative class, and further maintains that this action was improperly filed in court because Plaintiff agreed to binding individual arbitration of the claims she has asserted in this action. Lowe's also intends to oppose class certification on multiple grounds, including that (a) Plaintiff must arbitrate her claims against Lowe's individually pursuant to the binding and enforceable arbitration agreement and class action waiver executed by Plaintiff, and (b) class treatment is inappropriate under these circumstances in part because there are many material differences between the experiences of Plaintiff and the putative class members she seeks to represent, as well as amongst the putative class members. Lowe's expressly reserves all rights to move to compel individual arbitration, oppose class certification, and contest the merits of all claims asserted in the Complaint. However, for purposes of the jurisdictional requirements for removal only, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See id.* § 1332(d).

**A. The Proposed Class Consists of More Than 100 Members**

10. Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contain at least 100 members. *See id.* § 1332(d)(5)(B).

11. Plaintiff's proposed class consists of "[a]ll California citizens currently or formerly employed by [Lowe's] as non-exempt employees in the State of California who

Gibson, Dunn & Crutcher LLP

3

worked at [Lowe's] distribution center(s) at any time between November 14, 2017 and the date of class certification." Smith Decl., Ex. B, Compl. ¶ 20.

12. Lowe's employed at least 1,500 full-time, non-exempt individuals in California at its Perris, California regional distribution center between May 11, 2019 and May 11, 2022. Declaration of Iris Jackson ("Jackson Decl.") ¶ 3(a). Based on Plaintiff's class definition, the putative class contains at least 1,500 members.

13. This putative class size estimate is highly conservative because it excludes (a) part-time employees and all full-time and part-time non-exempt employees who worked at other California supply chain facilities and/or distribution centers in California, (b) both full-time and part-time non-exempt employees who worked at Lowe's Perris, California regional distribution center between November 14, 2017 and May 11, 2019, and (c) both full-time and part-time non-exempt employees who have been hired at Lowe's Perris, California regional distribution center since May 11, 2022.

14. Accordingly, while Lowe's denies that class treatment is permissible or appropriate, the proposed class consists of well over 100 members.

**B.   Lowe's and Plaintiff Are Not Citizens of the Same State**

15. Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of the putative class must be a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

16. A person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that she "is a resident of California." Smith Decl., Ex. B, Compl. ¶ 10. Plaintiff is therefore considered a citizen of California for purposes of removal. *See Ayala*, 2016 WL 6561284, at *4.

17. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every

state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Effective December 23, 2013, Lowe's HIW, Inc. merged with Lowe's Home Centers, LLC, and Lowe's Home Centers, LLC is the surviving entity. Jackson Decl. ¶ 2. Accordingly, Lowe's HIW, Inc. and Lowe's Home Centers, LLC refer to the same entity. Lowe's Home Centers, LLC is a limited liability company organized under the laws of North Carolina and has its principal place of business in North Carolina. *Id.* Lowe's Companies, Inc. is the sole member and owner of Lowe's Home Centers, LLC, and Lowe's Companies, Inc. is a North Carolina corporation with its principal place of business in North Carolina. *Id.* As such, Lowe's is a citizen of North Carolina. *See* 28 U.S.C. § 1332(c)(1); *Johnson*, 437 F.3d at 899.

18. Accordingly, Plaintiff and Lowe's are citizens of different states and CAFA's minimal diversity requirement is met. 28 U.S.C. § 1332(d)(2)(A).

**C. The Amount in Controversy Exceeds $5 Million**

19. CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interests and costs. *Id.* § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual class members. *Id.* § 1332(d)(6).

20. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a "reasonable" "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 959 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." (quotations and citations

omitted)). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. Importantly, a plaintiff seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit their recovery in an effort to "avoid removal to federal court." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013).

21. Moreover, in assessing whether the amount-in-controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

22. Although Lowe's denies that Plaintiff's claims have any merit, Lowe's avers, for the purposes of meeting the jurisdictional requirements for removal *only*, that if Plaintiff were to prevail on every claim and allegation in her Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

### 1. Plaintiff's Allegations Regarding Waiting Time Penalties Places $2.3 Million in Controversy

23. Lowe's reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 87–89; *see also Salter*, 974 F.3d at 959 (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence

outside the pleadings" requires the removing defendant to "support her jurisdictional allegations with competent proof" (quotations and citations omitted)). "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are met." *Arias*, 936 F.3d at 924. But for present purposes, it is sufficient to note that Plaintiff's claim for waiting time penalties pursuant to Labor Code section 203 puts $2.3 million in controversy.

24. Plaintiff alleges that she and other putative class members who ended their employment with Lowe's during the three-year period prior to filing this Complaint[2]— May 11, 2019 to May 11, 2022—are entitled to recovery of "waiting time penalties" pursuant to Labor Code section 203. *See* Smith Decl., Ex. B, Compl. ¶¶ 82–87 ("[Lowe's] willfully failed to pay the Waiting Time Subclass all their earned wages upon termination" and therefore "the Waiting Time Subclass is entitled to recover from [Lowe's] the statutory penalty").

25. If an employer fails to pay all wages due to an employee at the time of termination, as required by Labor Code section 201, or within 72 hours after resignation, as required by Labor Code section 202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," for up to a maximum of 30 calendar days. Cal. Lab. Code § 203. An employer may not be liable for these penalties if a good faith dispute exists as to whether the wages are owed. Cal. Code Regs. tit. 8, § 13520. Further, to be liable for waiting time penalties, an employer's failure to pay wages within the statutory time frame must be *willful*. *See* Cal. Lab. Code § 203. "A willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer *intentionally* fails to pay wages to an employee when those wages are due." Cal. Code Regs. tit. 8, § 13520 (emphasis added).

---

[2] The statute of limitations for an action under Labor Code section 203 is three years. Cal. Civ. Proc. Code § 338(a); Cal. Lab. Code § 203(b); *Pineda v. Bank of Am., N.A.*, 241 P.3d 870, 876 (Cal. 2010).

26. To calculate waiting time penalties, the employee's daily rate of pay is multiplied by a maximum of 30 days, depending on the length of delay in receipt of wages. *See Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998) (holding that the waiting time penalty is "equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days" and noting that the "critical computation" is "the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days"); *Tajonar v. Echosphere, L.L.C.*, 2015 WL 4064642, at *4 (S.D. Cal. July 2, 2015). Where final "wages [due] are alleged to have not been paid, the full thirty-days may be used for each of the putative class members." *Marentes v. Key Energy Servs. Cal., Inc.*, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015); *see also Crummie v. CertifiedSafety, Inc.*, 2017 WL 4544747, at *3 (N.D. Cal. Oct. 11, 2017) (where a plaintiff alleges "putative class members were owed (and are still owed)" wages, it is "completely reasonable to assume waiting time penalties accrued to the thirty-day limit").

27. Lowe's denies that any such penalties are owed to Plaintiff or any putative class members. However, for purposes of this jurisdictional analysis *only*, Lowe's relies on Plaintiff's allegations that the penalties are owed. Plaintiff alleges that Lowe's owes Plaintiff and the Putative Class "unpaid wages (including minimum wages and overtime wages), unpaid meal period premium payments, unpaid rest period premium payments," Smith Decl., Ex. B, Compl. ¶ 35, and accordingly, "willfully failed to pay the Waiting Time Subclass all their earned wages upon termination," *id.*, Compl. ¶ 84, therefore entitling them to penalties under Labor Code section 203. *Id.*, Compl. ¶¶ 86–87. Plaintiff further alleges that Lowe's "knew or should have known that the Waiting Time Subclass was entitled to timely payment of wages due upon separation of employment" and "did not receive payment of all wages within the permissible time periods" and they are therefore "entitled to recover . . . regular daily wages at their regular hourly rate for each day they were not paid, up to a maximum of thirty (30) days." *Id.* ¶¶ 33, 87. Based

on these allegations, it is reasonable to assume that each putative class member is entitled to the thirty days' wages. *See Crummie*, 2017 WL 4544747, at *3.

28.   Approximately 701 full-time, non-exempt employees in California at Lowe's Perris, California regional distribution center resigned or were terminated between May 11, 2019 to May 11, 2022. Jackson Decl. ¶ 3(b). The average hourly pay rate for those 701 employees was $18.33. *Id.* ¶ 3(c).

29.   If, as Plaintiff alleges, individuals who left the employment of Lowe's during the three years preceding the filing of the Complaint were owed wages and did not receive them, the amount in controversy with respect to the waiting time penalties claim for just full-time, non-exempt employees who worked at Lowe's California regional distribution center and were terminated before May 11, 2022 would be approximately **$2.3 million**, calculated as follows:

| $18.33 average hourly rate x 6 hours per day:[3] | $109.98 daily rate |
|---|---|
| $109.98 x 30 days maximum penalty: | $3,299 per employee |
| Amount in controversy for waiting time penalties, based on Plaintiff's allegations ($3,299 x 701 employees): | **$2,312,599** |

**2.   Plaintiff's Claim for Alleged Violation of Labor Code Section 226 Places Another $2.3 Million in Controversy**

30.   Plaintiff alleges in her Fifth Cause of Action that Lowe's "knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members" that, among other things, "failed to provide the accurate rates of pay on wage statements . . . prevent[ing] Plaintiff and Class Members from determining if all hours worked were paid at the appropriate rate and the extent of the underpayment." Smith Decl., Ex. B, Compl. ¶¶ 73–74. On this ground, Plaintiff seeks, among other things, "penalties" pursuant to Labor Code section 226. *Id.*, Compl., Prayer for Relief.

---

[3]  This is a conservative estimate based on the fact that full-time Lowe's employees are expected to work a minimum of 30 hours per week. *See* Jackson Decl. ¶ 4. But many full-time employees regularly work more than 30 hours per week.

31. Under section 226(e)(1), an employee suffering injury as a result of an intentional failure to comply with section 226(a) is entitled to "recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."  Cal. Lab. Code § 226(e)(1).

32. Lowe's denies that any such penalties are owed to Plaintiff or putative class members.  However, for purposes of this jurisdictional analysis *only*, Lowe's relies on Plaintiff's allegations that the penalties are owed.  Plaintiff alleges that Lowe's failure to provide accurate wage statements that "provided the accurate hours worked, wages earned, and rates of pay . . . delayed Plaintiff's ability to demand and recover the underpayment of wages from" Lowe's.  Smith Decl., Ex. B, Compl. ¶ 74.  Plaintiff's wage statement claim is therefore derivative of her other claims for unpaid wages.  Based on those allegations, it is reasonable to assume for the purposes of this jurisdictional analysis only, that all class members received inaccurate wage statements each pay period. *See Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *5 (C.D. Cal. May 21, 2015) (concluding it is appropriate to use 100% violation rate for wage statement claim where the claim is derivative); *Soto v. Tech Packaging, Inc.*, 2019 WL 6492245, at *7 (C.D. Cal. Dec. 3, 2019).[4]

33. Lowe's practice during the one-year period prior to the filing of the Complaint[5] has been to issue paychecks to full-time, non-exempt employees on a biweekly basis (every second week).  As such, a pay period includes two weeks. Jackson Decl. ¶ 5.

---

[4] Lowe's does not concede that Plaintiff has standing to pursue penalties under section 226. *See Mays v. Wal-Mart Stores, Inc.*, -- F. App'x --, 2020 WL 1277642, at *2 (9th Cir. Mar. 17, 2020).

[5] The statute of limitations for this claim is one year.  Cal. Civ. Proc. Code § 340(a).

34. During the one-year period prior to the filing of the Complaint, Lowe's employed approximately 1,132 full-time, non-exempt employees at Lowe's Perris, California regional distribution center. *Id.* ¶ 3(d). These employees worked an aggregate total of 24,365 pay periods from May 11, 2021 and May 11, 2022. *Id.* ¶ 3(e). Based on Plaintiff's allegations, the amount in controversy with respect to Plaintiff's Fifth Cause of Action is approximately **$2.3 million**, calculated as follows:

| | |
|---|---|
| Penalty for initial pay period for each employee (1,132 initial pay periods x $50): | $56,600 |
| Penalty for each subsequent pay period for each employee (23,233 subsequent pay periods (24,365 - 1,132) x $100): | $2,323,300 |
| Amount in controversy for section 226 claim, based on Plaintiff's allegations: | **$2,379,900** |

35. The amount in controversy alleged by Plaintiff on this claim thus places at least $2.3 million in controversy and this calculation does not even include any penalties allegedly owed to (1) part-time employees or (2) full-time, non-exempt employees at Lowe's Perris, California regional distribution center after May 11, 2022.

### 3. Plaintiff's Request for Attorneys' Fees on Her Claim for Alleged Violation of Labor Code Section 226 Places Another $594,975 in Controversy

36. Plaintiff also explicitly seeks attorneys' fees should she recover for any of the claims in this action. *See* Smith Decl., Ex. B, Compl., Prayer for Relief. Prospective attorneys' fees are properly included in the amount in controversy for purposes of evaluating CAFA jurisdiction. *See Arias*, 936 F.3d at 922 ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy."). Attorneys' fees are recoverable for Labor Code section 226 claims. *See* Cal. Lab. Code § 226(e). Under the Ninth Circuit's well-established precedent, 25% of the common fund is generally used as a benchmark for an award of attorneys' fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844, at *5 (S.D. Cal. Mar. 6,

Gibson, Dunn & Crutcher LLP

2009) ("In wage and hour cases, '[t]wenty-five percent is considered a benchmark for attorneys' fees in common fund cases.'" (quoting *Hopson v. Hanesbrands Inc.*, 2008 WL 3385452, at *3 (N.D. Cal. Aug. 8, 2008))); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403, at *12 (C.D. Cal. May 9, 2018) (collecting cases applying a 25% benchmark in CAFA wage and hour cases).

37.  Here, Lowe's has established that the amount in controversy on Plaintiff's section 226 claim is at least $2.3 million, and Plaintiff has not indicated that she will seek less than 25% of a common fund in attorneys' fees. *See* Smith Decl., Ex. B., Compl., Prayer for Relief (seeking attorneys' fees). Indeed, Plaintiff's counsel has sought (and received) more than 25% in attorneys' fees in previous wage and hour cases. *See, e.g.*, *Perez v. West Coast Liquidators Ing.*, Case No. CIVDS-14-17863, 2016 WL 8258533 (San Bernardino Super. Dec. 12, 2016) (order approving 33.33% in attorneys' fees in a wage and hour class action); *Bynum v. Legacy Air Inc.*, Case No. BC621716, 2018 WL 1919586 (L.A. Super. Jan. 9, 2018) (order approving 33.33% in attorneys' fees in wage and hour action). Lowe's denies that any such attorneys' fees are owed to Plaintiff or putative class members, but relies on Plaintiff's allegation that she will be entitled to attorneys' fees for purposes of this jurisdictional analysis. Although Lowe's has shown that the amount in controversy without considering attorneys' fees surpasses the jurisdictional threshold, this Court should nevertheless include the potential attorneys' fees in evaluating jurisdiction. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

38.  Using a 25% benchmark figure for attorneys' fees for Plaintiff's allegations regarding alleged Labor Code section 226 violations results in estimated attorneys' fees of approximately **$594,975**, calculated as follows:

| | |
|---|---:|
| Conservative estimate of amount in controversy from section 226 claim: | $2,379,900 |
| Attorneys' fees benchmark: | 25% |
| Estimated attorneys' fees in controversy: | **$594,975** |

Gibson, Dunn & Crutcher LLP

12

### 4. In Total, Just Two of Plaintiff's Eight Causes of Action, Including Attorneys' Fees, Place More Than $5.2 Million in Controversy

39. Plaintiff's allegations regarding waiting time penalties place more than $2.3 million in controversy, and her claim for alleged violations of Labor Code section 226 places more than $2.3 million in controversy. And Plaintiff's request for attorneys' fees, based on the section 226 claim alone, places more than $594,975 in controversy. In total, just two of Plaintiff's eight causes of action, including attorneys' fees on one of them, place more than $5.2 million in controversy.

40. The amount-in-controversy figures set forth above are underinclusive of the actual amount placed in controversy by Plaintiff's claims because they are based on conservative assumptions including, excluding (a) part-time, non-exempt employees and all full-time and part-time non-exempt employees who worked at other California supply chain facilities and/or distribution centers in California, (b) any damages or penalties potentially owed to full-time, non-exempt employees at Lowe's Perris, California regional distribution center after May 11, 2022, and (c) any alleged damages for, among other things, recovery sought for alleged failure to pay minimum wages (First Cause of Action) and overtime compensation (Second Cause of Action), failure to provide meal periods (Third Cause of Action) and rest breaks (Fourth Cause of Action), failure to pay wages timely during employment (Sixth Cause of Action), or unfair and unlawful business practices (Eighth Cause of Action).

41. Plaintiff's allegations therefore place more than the requisite $5 million in controversy. The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

### III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

42. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a) This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

Gibson, Dunn & Crutcher LLP

13

b) The action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

c) The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

d) At least one member of the putative class is a citizen of a state different from that of any defendant as required by § 1332(d)(2)(A).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

43. The United States District Court for Central District of California is the federal judicial district in which the Riverside County Superior Court sits. This action was originally filed in the Riverside County Superior Court, rendering venue in this federal judicial district proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

44. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Certificate of Counsel, (d) Civil Case Cover Sheet, (e) Notice of Department Assignment, (f) Plaintiff Rosa Cruz's Peremptory Challenge, (g) Notice of Case Reassignment for All Purposes, (h) Class Action Case Management Order #1, (i) Certificate of Mailing, (j) Notice of Case Management Conference, (k) Minute Order: Court Ruling re: Complex, (l) Minute Order: Continuing Case Management Conference, (m) Certificate of Mailing, (n) Notice of Service of Process on Lowe's Home Centers, LLC, and (o) Notice of Service of Process on Lowe's HIW, Inc. are attached as Exhibits A–O to the Declaration of Katherine V.A. Smith, filed concurrently here. These filings constitute the complete record of all records and proceedings in the state court available to Lowe's.

45. Upon filing the Notice of Removal, Lowe's will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Riverside County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Dated: July 6, 2022

        MICHELE L. MARYOTT
        KATHERINE V.A. SMITH
        KATIE M. MAGALLANES
        GIBSON, DUNN & CRUTCHER LLP

By: */s/ Katherine V.A. Smith*
            Katherine V.A. Smith

Attorneys for Defendants LOWE'S HOME CENTERS, LLC and LOWE'S HIW, INC. (*now known as* Lowe's Home Centers, LLC)